UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JORDAN M. RICE,<br>    Plaintiff,<br><br>    v.<br><br>STEVEN KENNEDY, et al.,<br>    Defendants. | Civil Action No.<br>23-11940-NMG |

MEMORANDUM & ORDER

GORTON, J.

Jordan M. Rice, who is confined at the Souza-Baranowski Correctional Center ("SBCC") has filed a sixty-three-page typed complaint concerning alleged violations of his federal rights while he has been confined at the Old Colony Correctional Center ("OCCC"), MCI Cedar Junction, and SBCC. (Docket # 1). He names fifty-four defendants. Rice has also filed a motion for leave to proceed in forma pauperis. For the reasons stated below, the Court will ALLOW the motion for leave to proceed in forma pauperis and order that summonses issue for some of the defendants.

I.  **Motion for Leave to Proceed in Forma Pauperis**

Upon review of Rice's motion for leave to proceed in forma pauperis (Docket # 2), the Court ALLOWS the same. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $ 49.21. The remainder of the $350 statutory

filing fee, $ 301.79, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

## II. Review of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, the Court has reviewed the complaint to determine whether the pleading in its entirety or any claims therein are malicious or frivolous, fail to state a claim upon which relief can be granted, or seek monetary damages from a party that is immune from such relief. In conducting this review, the Court broadly construes the complaint because Rice is proceeding pro se.

### A. Rice's Claims

Rice characterizes his factual allegations as an "account of statewide conspiracy campaign of Harassment, Torture and, Retaliation spanning OCCC, MCI/C/J and SBCC" in retaliation against him for prosecuting his claims in Rice v. Resendes, C.A. No. 17-11059-LTS. Compl. ¶ 59. He claims that the defendants in this action "did act in concert and a pattern of racketeering activities to . . . attempt[] to kill Rice via COVID - 19, Hepatitis 'C,' [and] HIV infection," which "activities" included contamination of Rice's food, theft of property, assault, interference with mail, denial of mental health care, committing perjury in Rice v. Resendes, C.A. No. 17-11059-LTS, and tampering with evidence. Id. According to Rice, "[i]n each State Prison Administrators [committed] willful acts in this

statewide conspiracy campaign of Harassment, Torture and Retaliation." Id.; see also id. ¶ 62 (referring to a "statewide conspiracy campaign of Harassment, Torture and Retaliation spanning OCCC/MCI C/J and SBCC State Prisons"). He claims that "[t]he State Prison Grapevine is strong among Prison Administrators and C/Os to employ . . . inhumane and criminal acts and conditions to impede and/or suppress anyone who happens to be brave enough to exercise their freedom of speech." Id. ¶ 61. Rice brings claims for violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

**B.   Standard of Review**

**1.   Statement of a Claim for Relief**

The Federal Rules of Civil Procedure require a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To show that he is entitled to relief, a claim cannot rely solely on "labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

   2.   42 U.S.C. § 1983

Because Rice brings claims against state actors for alleged violations of his federal constitutional rights, the Court will treat these claims as arising under 42 U.S.C. § 1983 ("§ 1983"), which is the vehicle by which a litigant may hold a state actor liable for the violations of his federal rights.  In the context of a claim under 42 U.S.C. § 1983, "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005).

   C.   Issuance of Summonses

Applying the above-discussed pleading criteria, the Court concludes that Rice has failed to state a claim upon which relief can be granted against the following defendants: Acquafresca, Altieri, Braggs, Collins, Delareau, Duarte, Gallant, Hippler, Knipe, McGurn, Pereira, Peters, Saben, Santos, Saucier, Senecal, Shaw, Soars, Tarpey, and Williams.  These defendants shall be terminated as parties to this action. Summonses shall issue as to all other defendants.

III. Order

In accordance with the foregoing, the Court hereby orders:

4

1. The motion for leave to proceed in forma pauperis (Docket # 2) is ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $ 49.21. The remainder of the $350 statutory filing fee, $ 301.79, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The clerk shall provide a copy of this order to the treasurer of the institution having custody of Rice.

2. Defendants Acquafresca, Altieri, Braggs, Collins, Delareau, Duarte, Gallant, Hippler, Knipe, McGurn, Pereira, Peters, Saben, Santos, Saucier, Senecal, Shaw, Soars, Tarpey, and Williams shall be terminated as parties to this action.

3. Summonses shall issue for all remaining defendants. Rice is responsible for serving the complaint, a summons, and this order on each of these defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure.

4. Because Rice is proceeding in forma pauperis, he may elect to have service completed by the United States Marshals Service ("USMS"). If Rice chooses to have service completed by the USMS, he shall provide the agency with all papers for service on each defendant and a completed USM-285 form for each defendant. The USMS shall complete service as directed by Rice with all costs of service to be advanced by the United States. The clerk shall provide Rice with the forms and instructions for service by the USMS.

5. Rice must ensure that the aforesaid service is completed within 90 days of the date of this order. To comply with this deadline, the person or agency effecting service must receive the papers for service well before the deadline. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to Rice. See L.R. Rule 4.1 (D. Mass.).

6. Rice's motion concerning his mail (Docket # 8) is DENIED. According to the docket of this action, the clerk did not mail a copy of the docket to Rice until December 15, 2023. The Court will not address Rice's other allegations concerning mail tampering.

So ordered.

Dated: 02/16/2024

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge