UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JORDAN M. RICE,
    Plaintiff,

v.                                  CIVIL ACTION NO. 23-11940-NMG

STEVEN KENNEDY, et al.,
    Defendants.

REPORTS AND RECOMMENDATION ON PENDING MOTIONS
(##51 AND 52, IN PART; #50)

KELLEY, U.S.M.J.

    Pro se plaintiff Jordan M. Rice, an inmate at the Souza-Baranowski Correctional Center ("SBCC"), alleges that numerous Massachusetts Department of Correction ("DOC") officials engaged in misconduct while he was incarcerated at Old Colony Correctional Center ("OCCC") and MCI Cedar Junction and while he has been incarcerated at SBCC in retaliation for his lawsuit in *Rice v. Resendes, et al.*, #17-cv-11059-LTS. (#1.) Plaintiff has been granted extensions of time to complete service. (#40; #45.) He represents that some defendants have been served and that the U.S. Marshal is in the process of serving others. (#50 (under seal) ¶ 10; #51 ¶ 19.) No defendant has appeared, through counsel or otherwise.

    Through two motions dated May 1, 2024, docketed as ##51 and 50, and a third motion dated May 5, 2024, amending #51 and docketed as #52, plaintiff seeks what this court construes as injunctive relief.[1] Plaintiff claims a "criminal Kill or be Killed obstruction scheme to stop [him] from litigating this lawsuit" and asks the court to address the "obstruction scheme" before he "snap[s]" and "potentially" causes "significant injury and/or kill[s] over this torture…." (#50 at 4.)

---

[1] Requests for other relief in ##51 and 52 were addressed by separate electronic order. *See* #55.

1

The court recommends that so much of ##51 and 52 that request an unspecified "restraining order" and #50, requesting (a) an evidentiary hearing, (b) monetary sanctions, and (c) a restraining order that all defendants "not have contact with [plaintiff's] person and property," be denied. As the court explained in its separate electronic order, *see* #55, plaintiff's allegations regarding prison conditions between April and May 2024 and that DOC officials, in that same time frame, retaliated against him for this lawsuit, which plaintiff filed on August 22, 2023, are outside the scope of this suit, which necessarily alleges misconduct before August 22, 2023, and in retaliation for *Rice v. Resendes, et al.*, #17-cv-11059-LTS.

Plaintiff appears to be claiming that alleged violation of the DOC policy on inmate conflicts with staff warrants issuance of a restraining order and monetary sanctions. *See* #50 at 3.[2] There is no indication that plaintiff or the individual printing and mailing plaintiff's legal filings, *see* #50 ¶ 13; *see also id*. at 5, mailed these motions to the DOC's Legal Division.

<u>Review by the District Judge</u>

Pursuant to Fed. R. Civ. P. 72(b)(2), any party who objects to the Reports and Recommendation must file specific written objections with the Clerk of this Court within fourteen (14) days of service of the Reports and Recommendation. The objections must specifically identify the portions of the Reports and Recommendation to which objections are made and state the basis for such objections. Failure to comply with Rule 72(b)(2) will preclude further appellate review.

May 29, 2024                                                     /s/ M. Page Kelley
                                                                 M. Page Kelley
                                                                 United States Magistrate Judge

---

[2] *See Pace v. Dept. of Corr.*, #19-cv-1653-RGS, 2021 WL 1132145, at *3 (D. Mass. Mar. 24, 2021) (discussing record evidence of 103 DOC 426).